Filed 3/11/21  P. v. Outlaw CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JASON MARCUS OUTLAW,<br><br>    Defendant and Appellant. | A160842<br><br>(Mendocino County Super. Ct. No. SCUK-CRCR-19-32613) |

Defendant Jason Marcus Outlaw appeals from the trial court's imposition of a six-year prison term after Outlaw pleaded no contest to felony domestic violence and multiple misdemeanor counts of resisting arrest. Outlaw's appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), identifying no issues and requesting that this court review the record and determine whether any arguable issue exists on appeal.  Having done so, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

In February 2020, after Outlaw waived his right to a preliminary hearing, the Mendocino County District Attorney filed an information alleging that Outlaw had committed felony corporal injury on a specified

1

person, S.K., on or about March 18, 2019 (Pen. Code,[1] § 273.5, subd. (a), count one); felony assault by means of force likely to produce great bodily injury upon S.K. on or about that same date (§ 245, subd. (a)(4), count two); felony corporal injury on a specified person, S.K., on or about February 7, 2020 (§ 273.5, subd. (a), count three); four felony counts of resisting an executive officer by force or threat in connection with the February 2020 incident (§ 69, subd. (a), counts four through seven); one misdemeanor count of resisting, obstructing, or delaying an officer in connection with the March 2019 incident (§ 148, subd. (a)(1), count eight); and misdemeanor violation of a court order to prevent domestic violence (§ 273.6, subd. (a), count nine). In addition, it was alleged that Outlaw had previously suffered a strike conviction in November 2007 for felony driving under the influence (§ 23153, subd, (a)), with two admitted great bodily injury enhancements (§ 12022.7, subd. (a)). Finally, the information stated that Outlaw had been convicted previously of two or more felonies within the meaning of sections 1170.12 and 667.

The charges stemmed from two separate incidents of domestic violence against the same victim.[2] Police officers responded to a 911 hang up call in the early morning of March 18, 2019, in which a female could be heard crying and screaming. They found an apparent blood mark on the motel room door. Outlaw answered an officer's knock but refused to produce the female occupant, attempting instead to close the door. After the officer kicked in the door, S.K.—who had been in a dating relationship with Outlaw since May 2018—was discovered crying and "visibly upset" on the floor. She had red

[1] Statutory references are to the Penal Code unless otherwise specified.
[2] Our recitation of pertinent facts is gleaned from the probation report and the March 2019 police reports in this matter. We note that when Outlaw pleaded no contest to count one, he purported to do so pursuant to *People v. West* (1970), 3 Cal.3d 595, defense counsel stating that Outlaw "does not have the same recollection of events as outlined in the police report."

2

marks on the left side of her face and neck, as well as on her left arm and the right side of her chest. S.K. also had swelling and dried blood on the left side of her head above her ear. She told an officer that Outlaw had purchased alcohol and, as he became more intoxicated, accused her of cheating on him and other random misdeeds. Outlaw eventually grabbed her on the bed and repeatedly punched her with a closed fist on the left side of her head while holding her down with his other hand on her neck and his knee on her side. S.K. pressed the emergency 911 button on her watch and Outlaw eventually stopped punching and got another alcoholic drink. The following day, Outlaw left S.K. a voicemail message, violating the Emergency Protective Order that had been issued after the incident.

On February 7, 2020, a deputy sheriff responded to a report of domestic violence at a rest stop in Willits. S.K. advised the deputy that Outlaw, who was agitated and had been drinking, showed up at her trailer, " 'blew' " open the door, kicked her in the shin, put both hands around her neck, head butted her several times, and then punched her in the abdomen. S.K. was able to escape and drove to the rest stop to call for help. The deputy observed red marks on S.K.'s body consistent with her account. After discovering that Outlaw was on felony probation in Los Angeles County and had an active felony warrant from Mendocino County, the deputy called other deputies to assist in responding to S.K.'s residence. When he was advised that he was under arrest, Outlaw refused to leave S.K.'s trailer, pacing and stating several times: " '[D]o me a favor and blow my fucking head off.' " After one of the deputies deployed his K9 partner, Outlaw took a fighting stance and attempted to punch the deputies. Even after he was placed on his stomach on the ground, he continued to resist his arrest by kicking and flailing his legs. He was eventually subdued and taken into custody.

On July 10, 2020, the trial court reduced counts four through seven to misdemeanors. The court advised Outlaw of his rights, and Outlaw submitted a written waiver of rights to the court. Outlaw acknowledged that under the plea agreement, he faced the possibility of up to eight years in state prison. Outlaw then pleaded no contest to counts one, four, five, six, and seven and admitted the prior strike in return for the dismissal of the remaining counts with a *Harvey*[3] waiver. The court found Outlaw's pleas to be knowing, intelligent, and voluntary.

At the sentencing hearing on August 19, 2020, the trial court refused defense counsel's *Romero*[4] request, stating it could not "in good conscious strike the strike prior," given that this was Outlaw's seventh felony and that *Romero* motions had been granted on two previous occasions. The trial court additionally denied probation, noting Outlaw had been given probation with respect to five prior felony convictions and committed the instant offense while on probation. Acknowledging and rejecting Outlaw's substance abuse problem as a mitigating factor, the court summarized its reasoning as follows: "I don't agree that putting him back on probation is the proper result in this case when he's on felony probation . . . with a strike prior, with a history of drinking and driving that caused injury to people and then including continuing [to] drive, continuing to drink. He's not getting the message. Mr. Outlaw poses a risk to the community, even on probation, because it was while he was on probation that he committed this offense."

The trial court sentenced Outlaw to the three-year mid-term on count one, doubled to six years due to the prior strike. The court directed the one-year sentences for the four misdemeanor counts to run concurrent to the six

---

[3] *People v. Harvey* (1979) 25 Cal.3d 754, 758-759.

[4] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

years. Credits were set at 389 days. The court also imposed a restitution fine of $2400, along with a corresponding suspended parole revocation fine. (§§ 1202.4, subd. (b), 1202.45, subd. (a).) Criminal conviction and court security fees of $150 and $200, respectively, were stayed by the court. (Gov. Code §§ 70373, 1465.8.) The court also reduced the presentence investigation report fee from $712 to $412. (§ 1203.1, subd. (b).) Direct victim restitution was reserved. Outlaw filed a timely notice of appeal, limited to sentencing issues.

## DISCUSSION

As discussed above, Outlaw appealed from the trial court's August 2020 sentencing order made after he pleaded no contest to a felony domestic violence charge and multiple misdemeanor counts of resisting arrest. We appointed counsel to represent him. After examining the record, counsel filed a *Wende* brief raising no issues on appeal and requesting that we independently review the record. (*Wende, supra*, 25 Cal.3d 436, 441; see also *People v. Kelley* (2006) 40 Cal.4th 106, 109-110.) Outlaw was advised by his attorney of the opportunity to file a supplemental brief with this court, but he has not done so.

We have examined the entire record and are satisfied that Outlaw's attorney has complied with her responsibilities and that no arguable issue exists. While it is conceivable that the record could have supported a lesser sentence or return to probation, the six-year sentence was consistent with the plea agreement and represents a permissible exercise of the court's discretion under all of the facts and circumstances of the case, especially given Outlaw's multiple prior felony convictions and previous probation failures. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847 [reviewing sentencing decision, which must be based on " 'individualized consideration of the offense, the offender,

5

and the public interest,'" for abuse of discretion]; see also *People v. King* (2010) 183 Cal.App.4th 1281, 1323 ["The trial court has broad discretion with regard to sentencing, and its decision will be affirmed on appeal, so long as it is not arbitrary or irrational and is supported by any reasonable inferences from the record."].) In addition, we see no issues with respect to the fines and fees imposed by the court, to which counsel did not object.

## DISPOSITION

The judgment is affirmed.

_____

SANCHEZ, J.

We concur.

_____

MARGULIES, ACTING P.J.

_____

BANKE, J.

(A160842)

7